THOMAS H. LORD *vs.* ALVAH SKINNER.

Due service of the notice to a creditor of the time and place fixed for the examination of a
debtor upon his application to take the poor debtors' oath may be waived; and such
waiver may be shown by parol evidence, although the officer's return, showing a defective
service, does not allude to it, and although the creditor did not appear at the time and
place fixed for the examination.

The poor debtors' oath may be administered before the expiration of the hour, if the creditor
or his agent has previously assented thereto.

CONTRACT against a surety in a recognizance, the condition
of which provided that the judgment debtor, who had been
arrested on an execution in favor of the plaintiff, should within
thirty days deliver himself up for examination, giving notice
of the time and place thereof, and duly appear, making no
default, and abide the final order of the magistrate thereon.

At the trial in the superior court, before *Lord,* J., it appeared
that a notice of the time and place fixed for the examination
was duly issued by a master in chancery, the officer's return
upon which showed that it was served upon J. P. Silsby, an
agent of the plaintiff, without allowing any time for travel. The
defendant offered to show by parol evidence that before this
service was made the officer told Silsby that he would have the
time mentioned in the notice extended, whereupon Silsby said
he would accept service and waive the time for travel; and that
then the service and return were made. The judge rejected the
evidence.

It appeared by the record of the master in chancery that after
the service of the notice Silsby said to him, " You may as well
discharge the debtor, for I shall not appear;" and that the oath
was administered before the expiration of the hour. It was
shown by oral evidence that this was said in the street, and
before the time appointed for the examination.

The judge ruled that the facts proved were sufficient to entitle
the plaintiff to recover; and a verdict was accordingly returned
in his favor. The defendant alleged exceptions.

*L. M. Child,* for the defendant, cited *Seagrave* v. *Erickson*

11 Cush. 89; *Tilden* v. *Johnson*, 6 Cush. 354; *City Bank of Providence* v. *Fullerton*, 11 Met. 73; *Carpenter* v. *Aldrich*, 3 Met. 58; *Vinal* v. *Burrill*, 16 Pick. 401; *Ripley* v. *Warren*, 2 Pick. 592.

*A. Russ*, for the plaintiff, cited *Smith* v. *Randall*, 1 Allen, 458; *Richardson* v. *Smith*, Ib. 541; *Lang* v. *Bunker*, Ib. 256; *Jacot* v. *Wyatt*, 10 Gray, 236; *Park* v. *Johnston*, 7 Cush. 265; *Brown* v. *Webber*, 6 Cush. 560.

DEWEY, J. The only question in the present case is, whether upon the facts proved and others offered to be proved, the plaintiff has barred himself from taking any exceptions to the sufficiency of this notice in point of time, and also to the fact that the debtor was examined and discharged within the hour appointed for such examination. The testimony as to the waiver of notice comes from two sources. It appears from the evidence that by reason of the absence of the officer some delay in the actual service of the notice was occasioned, so that it would be necessary to extend the time as appointed in the notice that had issued, and the officer testifies that he told Silsby, the agent of the creditor, and upon whom service was to be made, that he should have the time extended and then he would serve it; whereupon Silsby said he would accept service and waive the time for travel, and then the officer served a copy upon him and made the return. Subsequently to this, as stated by the master in chancery, and made a part of his record, Silsby came and said to him, " You may as well discharge the debtor, for I shall not appear." This latter fact is supposed to bear upon the question of waiver of notice, and also the authority of the magistrate to administer the oath within the hour.

Upon the question of waiver of objections to the sufficiency of the notice, the evidence would seem to be very strong, and such as would authorize a jury to find a waiver.

The remaining question is, whether the facts stated by the master relieve the defendant from a forfeiture of the recognizance by reason of the oath being administered within the hour. Practically the creditor suffered no injury from the fact that the oath was administered before the full hour had

expired. The creditor did not appear in any part of the entire hour, or make any attempt to be present at the examination. But this alone would not avail the defendant. The defence, if maintained upon this point, must be upon the ground that the creditor previously assented to waive that which the law allowed him, namely, the full hour within which he might appear. The language of the creditor's agent to the master was, " You may as well discharge the debtor, for I shall not appear." As this period of a full hour is solely for the benefit of the creditor, to give him opportunity to appear, it would seem that he may waive it. In the opinion of the court, this evidence was competent to be submitted to the jury as tending to prove such waiver. *Exceptions sustained.*